The document below is hereby signed.

Signed: July 24, 2017



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAUL ANDREW LEITNER-WISE, | ) | Case No. 17-00266 |
| | ) | (Chapter 11) |
| Debtor. | ) | |
| | ) | **Not for publication in** |
| | ) | **West's Bankruptcy Reporter.** |

MEMORANDUM DECISION AND ORDER
<u>DENYING DEBTOR'S MOTION FOR CONTEMPT</u>

On July 6, 2017, the debtor filed a motion to hold Samuel Keith Barker, attorney for Beam Distributing, Inc., and the Henrico Circuit Court in contempt for violating the automatic stay of 11 U.S.C. § 362(a)(which arose upon the commencement of this case on May 4, 2017) when they compelled him to appear in the Circuit Court on July 6, 2017, to show cause why he should not be held in contempt for not appearing in his civil proceedings. However, for the reasons stated below, the debtor has failed to show that either Barker or the Henrico Circuit Court have violated the automatic stay.

I

BACKGROUND

The debtor alleges the following facts. On March 20, 2015, Barker brought suit on behalf of Beam Distributing, Inc. against the debtor and others in Henrico Circuit Court. Shortly thereafter, on April 20, 2015, the debtor commenced a bankruptcy case in the Eastern District of Virginia. That case was dismissed on July 9, 2015. On that same day, Barker moved for default against the debtor and co-defendants. The Circuit Court found the debtor and co-defendants in default on July 24, 2015, and entered a default judgment on August 11, 2015.

On November 3, 2016, the Henrico Circuit Court ordered the debtor to appear before the court on January 6, 2017, but the debtor was not served until November 15, 2016. The debtor filed again for bankruptcy in the Eastern District of Virginia on November 7, 2016. That bankruptcy case was dismissed on December 13, 2016. The debtor filed a motion to vacate the order of dismissal. The Bankruptcy Court for the Eastern District of Virginia denied the motion to vacate on January 23, 2017.

The debtor failed to appear in the Henrico Circuit Court on January 6, 2017, and was ordered to appear on February 24, 2017, to show cause why he should not be held in contempt for failing to appear at the January 6, 2017, hearing. He was never served that order. The debtor again failed to appear on February 24,

2017, and was arrested on March 21, 2017, on a *capias* and released on bond.

The debtor filed another bankruptcy case in this court on May 4, 2017.  He informed Barker and the Henrico Circuit Court of his pending bankruptcy case the following day.

The Henrico Circuit Court ordered the debtor to appear on July 6, 2017, to show cause why he should not be held in contempt for failing to appear in his civil proceedings.  The debtor e-mailed Barker and demanded that he withdraw the proceeding.  Barker did not respond to the debtor.  The debtor filed this motion to hold Barker and the Henrico Circuit Court in contempt for violating the automatic stay in this case by requiring his appearance on July 6, 2017, in proceedings to execute on a judgment.

II

DISCUSSION

The debtor has failed to show that either Barker or the Henrico Circuit Court took any action against him while he was protected by the automatic stay in this case because the debtor is not currently protected by an automatic stay.  Under 11 U.S.C. § 362(c)(3), the automatic stay lasts 30 days for any debtor who had a pending bankruptcy case one year prior to filing the current case unless the debtor timely moves the court to continue the automatic stay.  The debtor had a pending case as recently as

December 12, 2016, easily within one year of the filing of his current case on May 4, 2017.  Further, the debtor has not filed any motion to extend the automatic stay in his current pending case.  Therefore, the automatic stay expired on June 3, 2017, 30 days after the debtor filed this case.  The July 6, 2017, hearing fell beyond the 30-day automatic stay period.  Thus, no stay was in place to bar the Henrico Circuit Court from requiring the debtor's appearance before it on July 6, 2017, to show cause why he should not be held in contempt for failing to appear at hearings held before the filing of this case, hearings that also took place when no stay in the prior bankruptcy case was in place.[1]  Additionally, the automatic stay in this case did not apply to bar Barker from seeking to compel the debtor's appearance before the Henrico Circuit Court.

### III

### CONCLUSION

For the above stated reasons, the debtor has failed to show that either Samuel Kieth Barker or the Henrico Circuit Court have violated the automatic stay.  It is thus

ORDERED that the debtor's Motion for Contempt Against Samuel

---

[1] The January 6, and February 24, 2017 hearings took place after the dismissal of the previous bankruptcy case, dismissed December 13, 2017, and before the filing of the current case, filed on May 4, 2017.  Even though the debtor's motion to vacate was still pending on January 6, 2017, a motion to vacate does not extend the automatic stay. *Laureate Education, Inc. v. Laureate Learning Center, Inc.*, 2016 WL 7365197, at *4 (N.D. Ga. 2016).

4

Kieth Barker and the Henrico Circuit Court (Dkt. No. 38) is

DENIED.

                                              [Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.