The document below is hereby signed.

Signed: September 21, 2017



*S. Martin Teel Jr.* (signature)

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                             )
                                  )
PAUL ANDREW LEITNER-WISE,          )    Case No. 17-00266
                                  )    (Chapter 11)
             Debtor.              )    Not for publication in
                                  )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION SUPPLEMENTING ORAL DECISION
REGARDING THE CONVERSION OR DISMISSAL OF THIS CASE

This supplements the court's oral decision of September 13, 2017, regarding converting or dismissing this case.

The evidence at the hearing established that there is a "substantial or continuing loss" within the meaning of 11 U.S.C. § 1112(b)(4)(A). The debtor receives $900 a month from the U.K. pursuant to a license of intellectual property, and is not earning income from any other sources. As the debtor's Schedules I and J reveal, that $900 a month is not enough to meet the debtor's living expenses and to leave the debtor with sufficient funds to cover administrative claims being incurred in the case. There is thus a continuing loss within the meaning of § 1112(b)(4)(A).

In addition, the evidence established "the absence of a

reasonable likelihood of rehabilitation" within the meaning of § 1112(b)(4)(A).  The record made clear that the debtor has taken no steps towards implementing a business plan he has in mind of producing firearms.  Instead, he is awaiting a confirmed plan before he takes any such steps.  The debtor offered no evidence as to how he could raise capital to engage in such a business, other than the speculative hope that he will prevail in recovering monetary judgments in ongoing litigation.  The ongoing litigation relates to the debtor's claims of violation of his rights under business contracts and for violation of his intellectual property rights, but the possibility of prevailing in that litigation does not show a likelihood of rehabilitation. *See, e.g., Loop Corp. v. United States*, 379 F.3d 511, 515-16 (8th Cir.2004) (ruling that rehabilitation means the restoration of a viable business, and liquidation is not rehabilitation); *Quarles v. United States Trustee*, 194 B.R. 94, 97 (W.D. Va. 1996) (finding no likelihood of rehabilitation where debtor was losing money and the only hope of reorganization depended entirely on speculative outcomes in pending litigation); *In re Plymouth Oil Co., L.L.C.*, No. 12-01403, 2014 WL 3812078, at *4 (Bankr. N.D. Iowa Aug. 1, 2014) (holding that "a reasonable likelihood of rehabilitation cannot rest on potential litigation alone"); *In re Brutsche*, 476 B.R. 298, 209 (Bankr. D.N.M. 2012) (ruling that a debtor's plan to sell its assets and pursue litigation to pay its

2

creditors was not rehabilitation); *In re Imperial Heights Apartments, Ltd.*, 18 B.R. 858, 863-64 (Bankr. S.D. Ohio 1982) (finding no "reasonable likelihood of rehabilitation" where debtor's only asset was a potential lawsuit).

Accordingly, the case must be dismissed or converted under § 1112(b)(4)(A).  This conclusion is fortified by the following considerations.  This filing was the debtor's fifth bankruptcy filing in four years.  The case has been pending since May 4, 2017.  The debtor was warned in a prior case that "The only way a Chapter 11 with zero income can be feasible, however, is for it to be a liquidating Chapter 11, where the Debtor files a plan to sell his or her assets almost immediately.  Without any income, the Debtor inevitably will accrue administrative expenses in Chapter 11 such as rent and utilities that can't be paid.  The Debtor in this case is unable even to pay the U.S. Trustee's minimum quarterly fee of $325.00."  *In re Leitner-Wise*, Case No. 16-13784 (Bankr. E.D. Va. Nov. 07, 2016) (order (Dkt. No. 53 at 3) denying motion to vacate).  Although the debtor has filed a plan in this case, that plan is facially not confirmable, and despite the United States Trustee's bringing the defects in the plan to the debtor's attention on August 11, 2017, the debtor took no steps to file a plan that could be confirmed.  The debtor allowed the automatic stay in this case to expire under 11 U.S.C. § 362(c)(3), and one creditor is pursuing judgment collection

efforts against the debtor.[1]  The creditor holds a judgment for in excess of $1 million against the debtor, and under any plan the debtor might propose, that creditor would control any class of unsecured claims containing that claim, with the result that if that creditor voted against the plan, the plan would be rejected by the class, and confirmation would likely be barred by 11 U.S.C. § 1129(b)(2)(B).  The debtor has not suggested that this creditor (which the debtor attempted to hold in contempt) would prefer to let the debtor pursue a chapter 11 plan.  These additional aspects of the case only strengthen the conclusion that the debtor has no reasonable likelihood of rehabilitation, and provide an alternative basis for granting the motion to convert or dismiss.

For all of these reasons, the United States Trustee's motion to dismiss the case or convert it to chapter 7 will be granted. If this case were to be dismissed, the debtor, as requested by the United States Trustee, ought not be allowed to file yet a sixth case within 180 days after the dismissal of this case.  At the hearing on the United States Trustee's motion, the debtor voiced a desire, if the motion were granted, to have the case

---

[1] The debtor characterizes this and another default judgment as default judgments as to which no evidence was heard and as to which Leitner-Wise was not a party to the transactions or occurrences which formed the respective complaints.  That, however, does not form a basis for this court to disallow the claims asserted pursuant to those default judgments, which must be accorded full faith and credit by this court.

4

converted to chapter 7 instead of the case being dismissed with prejudice for 180 days.  The debtor has not notified the court of a change of mind in that regard.  An order follows converting the case to chapter 7.

                                                   [Signed and dated above.]

Copies to: Debtor; Recipients of e-notification of filings.